### P. C. Tarver et al. v. Evansville Furniture Company.

Decided December 14, 1898.

**1. Indorser—Discharge—Failure to Enforce Security.**

The indorser of a note is not discharged by neglect of the assignee to enforce a deed of trust given by the maker to secure various debts, including such note, where such indorsee is not named as a beneficiary in the deed of trust and is not shown to have accepted its terms and benefits.

**2. Partnership—Dissolution.**

After the dissolution of a partnership a member having possession of firm assets may apply them to the extinguishment of firm liabilities, but can make no new contract binding his partner.

**3. Same—Indorsement by One Partner.**

A partner after dissolution indorsed a note payable to the firm to one of their creditors, in settlement of the debt of the firm to him. Held, that his act did not bind the other partner so that he could be held liable as an indorser.

Appeal from the County Court of Falls. Tried below before Hon. B. H. Rice.

*R. Lyles* and *Moore & McBride,* for appellant.

*Cunningham, Cunningham & McCollum,* for appellee.

FISHER, Chief Justice.—This is a suit by the appellee, the Furniture Company, against P. C. Tarver and I. Looney, to recover upon four accounts for goods sold and delivered to the defendants, as partners; and in the alternative against the defendants as indorsers upon a certain note for $620, payable to the defendants and executed by one W. E. Dupree.

The defendants pleaded payment in discharge of the accounts by reason of the transfer to the appellee of the Dupree note, and that appellant Looney never indorsed that note to the appellee, but that the indorsement was made by his codefendant P. C. Tarver; and also that they were discharged from liability as indorsers because the note was not protested at maturity, nor sued on within the time required by the statute; and that if they were liable as indorsers they were discharged, because Dupree had, by deed of trust, provided for the security and payment of

the note in question, and that by the exercise of diligence the appellee could have got the benefit of that security.

The jury found, in effect, that the appellants were liable as indorsers upon the note sued on, and judgment was rendered in accordance with the verdict.

It appears from the facts that the appellants, P. C. Tarver and I. Looney, were, previous to the execution of the note in question, engaged as partners in the mercantile business, and they purchased from the appellee and others the goods and merchandise described in plaintiff's petition. Afterwards they sold out, and disposed of their mercantile business to one W. E. Dupree, who, as part consideration for the purchase, executed the note in question. After the sale to Dupree, and after the appellants had ceased to do business as partners, the note was transferred to the appellee the furniture company, in satisfaction and extinguishment of the accounts described in the petition, owing by Tarver and Looney.

There was no error in the court's sustaining the exception to the sixth paragraph of appellant's answer. The deed of trust there mentioned as executed by Dupree in order to secure the note which he had executed to the appellants and to secure the claims of other creditors, did not affect the right of appellee to hold the appellant Tarver responsible as indorser on the note in suit. If it had been shown by the averments that this deed of trust executed by Dupree was really for the benefit of appellee, the Evansville Furniture Company, and that they had accepted its terms and benefits, and that by reason of negligence they failed to reach the fund there provided for, the indorser of the note may have been discharged. But such is not the effect of the averments. The Evansville Furniture Company was not named as one of the beneficiaries in the deed of trust, nor was it shown that they accepted its terms and benefits; but if such had been the case, the facts alleged do not show that they were guilty of negligence in failing to pursue such remedies as they might have had in enforcing the deed of trust in their favor.

We think that the evidence in the record warrants the verdict and judgment against the appellant Tarver. But applying the law to the evidence, there is no theory of the case which would justify the judgment against the appellant Looney. It is clear from the facts that appellee accepted the note upon which they recovered in satisfaction of the accounts due from Tarver & Co., and the facts bearing upon this question show that the purpose was to extinguish the accounts by the appellee accepting the Dupree note. Therefore, what remedy the appellee had was upon this note. The fact is uncontroverted that in transferring this note to the appellee, P. C. Tarver alone indorsed it, and that this indorsement was made after the firm comprising Tarver & Looney had in law been dissolved, by reason of its selling out its entire business to Dupree; and of this fact, the record shows the appellee had notice at the time and before the transfer of the note.

Upon this state of facts the question arises whether Tarver, after the

dissolution of the firm, had the authority to transfer the Dupree note in payment of firm liabilities. After the dissolution, neither of the parties comprising the firm membership have the authority, by reason of the operation of any rule of law upon the subject, to make a new contract binding the other members without their consent. 17 Am. and Eng. Enc. of Law, 1143, and notes. But, after the dissolution, any member who has in his possession firm assets may apply them, if fairly done, to the extinguishment of firm liabilities, and this without the previous consent of the other parties comprising the firm. 17 Am. and Eng. Enc. of Law, 1142; 2 Bates on Partnership, 680, 686. This being true, Tarver could not, by any pretended indorsement of the Dupree note, have created a liability against Looney, because the indorsement would be in the nature of a new contract, which one of the parties would have no right to enter into, so as to bind his former partner. But Tarver, having possession of the Dupree note after the dissolution of the firm, had the right to transfer it to the appellee in satisfaction of the debts due it by the firm, and by reason of his indorsement of the paper he should be held responsible.

For the reasons stated, the judgment as to appellant Tarver will be affirmed, and as to appellant Looney will be reversed and rendered.

*Affirmed in part and reversed and rendered in part.*